**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TRACY BARBER

                Plaintiff,

v.                                         No. 14-CV-970
                                               (TJM/CFH)

STATE OF NEW YORK,

                Defendant.

---

**APPEARANCES:**                                **OF COUNSEL:**

TRACY BARBER
Plaintiff, Pro Se
189 Pearl Street
Corning, New York 14830

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Tracy Barber. Compl. (Dkt. No. 1). Barber has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

### II. DISCUSSION

#### A. In Forma Pauperis Application

Turning first to Barber's IFP Motion, after reviewing the entire file, the Court finds that Barber may properly proceed with this matter IFP.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

A review of the complaint reveals that the pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The complaint is, at best, vague,

-3-

disjointed and confusing.  Barber requests an investigation pursuant to the Racketeer Influenced and Corrupt Organizations (hereinafter "RICO") Act, 18 U.S.C. §§ 1961 et seq. for apparent allegations of corruption.  Compl. at 1.  Barber "was unable to contact lawyer who name omitted various reasons for providing protection and recouping loss exceeding one million U.S. Dollars from lottery winning release of personal property." Id. at 2.  Barber then lists various statutes, providing elements of the statutes, but failing to identify any facts or events.

Barber's complaint is so lacking in factual allegations that the Court is simply unable to discern any plausible claim within the Court's jurisdiction.  It is impossible to decipher who precisely Barber was damaged by, when that happened, or what Barber sought from the named defendant.  Furthermore, Barber has proffered allegations against only one named defendant that is protected from liability as a matter of law by the doctrine of Eleventh Amendment immunity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)) ("[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State.").  There are limited exceptions whereupon an individual may sue a State, namely where (1) "Congress has authorized such a suit in the exercise of its power to enforce the Fourteenth Amendment . . . or [(2)] where a State has waived its sovereign immunity by consenting to suit." College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 666 (1999) (citations omitted).  Neither exception applies here because the statutes which Barber identifies in her complaint do not grant individuals an independent, private, federal cause of action, let alone waive sovereign immunity.  See Qader v. Cohen & Slamowitz, 10-CV-1664 (GBD), 2011 WL 102752, at *5 (S.D.N.Y. Jan.

10, 2011) ("Neither 42 U.S.C. § 1987 nor 42 U.S.C. § 1988 creates a private cause of action.") (citing cases) (Ex. A)[1]; see also Redcross v. Rensselaer Cnty., 511 F. Supp. 364, 374 (N.D.N.Y. 1981) ("Section 1988 does not create an independent federal cause of action.") (citing Moor v. County of Alameda, 411 U.S. 693, 702 (1973)).

In sum, Barber's complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief. In light of Barber's pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. However, in this instance, Eleventh Amendment immunity bars any claims Barber would have against the State of New York. Pennhurst, 465 U.S. at 98. Therefore, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that Barber's IFP application (Dkt. No. 2) is **GRANTED;** and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915, Barber's complaint be **DISMISSED** for failure to comply with the pleading standards, naming a defendant protected by sovereign immunity, and relying on statutes which do not confer a private right of action; and it is further

---

[1] Unpublished cases will be attached to this Report-Recommendation and Order as Exhibits.

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 8, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge