**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────

**TRACY BARBER,**

                              **Plaintiff,**

    v.                                                     **1:14-CV-970**
                                                                **(TJM/CFH)**
**STATE OF NEW YORK,**

                              **Defendants.**
───────────────────────────────────────────

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).

In his Report-Recommendation and Order (dkt. # 4), Magistrate Judge Hummel recommends that the complaint be dismissed for failure to comply with the pleading standards of Fed. R. Civ. P. 8 & 10, and because he proffered allegations against only one named defendant (the State of New York) that is protected from liability as a matter of law by the doctrine of Eleventh Amendment immunity. Judge Hummel notes that, in light of Plaintiff's *pro se* status, Plaintiff would generally be afforded an opportunity to amend his Complaint. However, Magistrate Judge Hummel opines that amendment would be futile because of New York's Eleventh Amendment immunity. Dkt. # 4 at 5. Plaintiff filed

an objection to Magistrate Judge Hummel's Report and Recommendation. Dkt. # 5.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

Plaintiff's objections are confusing and rambling, but he fails to make specific

objections to Magistrate Judge Hummel's report.  Accordingly, the Court reviews the Report-Recommendation and Order for clear error and finds none.

Further, even under *de novo* review, the Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his report.

**IV.   CONCLUSION**

Thus, the Court **ADOPTS** the Report-Recommendation and Order (Dkt. # 4) for the reasons stated therein, and the Complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**Dated:** September 3, 2014

_____
Thomas J. McAvoy
Senior, U.S. District Judge